## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**EMILE JOSEPH RICHARD #329692**                **CASE NO.  6:25-CV-00957 SEC P**

**VERSUS**                                      **JUDGE DAVID C. JOSEPH**

**13TH J D C ET AL**                            **MAGISTRATE JUDGE DAVID J. AYO**

### REPORT AND RECOMMENDATION

Before the court is a civil rights Complaint and Amended Complaint filed pursuant to 42 U.S.C. §1983 by *pro se* Plaintiff Emile Joseph Richard, who is proceeding *in forma pauperis*. Rec. Docs. 1, 4.

### I.    STATEMENT OF THE CASE

Richard alleges that Defendants "failed to perform a warranted task" throughout his criminal proceedings in the 13th Judicial District Court from March 2017 through the date of conviction, May 15, 2019. Rec. Doc. 1 at 3. He asks that his conviction and sentence be vacated, and an order of acquittal entered. *Id.* at 4. He also requests "monetary relief." *Id.*

### II.    LAW AND ANALYSIS

#### A.    Richard's Complaint is subject to preliminary screening.

As a prisoner seeking redress from an officer or employee of a governmental entity, Richard's Complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because Richard is proceeding *in forma pauperis* (Rec. Doc. 3), his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

B. **Richard's Complaint is untimely.**

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (quotation marks and citation omitted). The general limitations period in Louisiana was one year at the time of the alleged constitutional violations. *See* La. Civ. Code art. 3492.[1]

Federal law determines the date a cause of action accrues. *See McDonough v. Smith*, 588 U.S. 109, 115 (2019). Generally, accrual begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). The plaintiff does not need to know that he has a legal cause of action; he only needs to know the facts that would support a legal claim. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

Richard alleges various violations of ethical requirements; "judicial manipulation"; "fraudulent misrepresentations"; "obstruction of justice"; harassment; "intentional infliction of emotional distress"; preventing him from assisting in his defense; and conspiracies by public defenders, the district attorney, and judges. Rec. Doc. 1. According to Richard, the alleged wrongdoings occurred during his prosecution, from 2017 to 2019. Therefore, his claim accrued at the latest in 2019. He had one year within which to file a § 1983 lawsuit. However, Richard did not file suit until Jully 2025. Accordingly, his § 1983 claims are prescribed.

C. **Richard may not obtain release from jail through a § 1983 action.**

Even if not prescribed, Richard's request for release and the invalidation of his conviction would be subject to dismissal. A request for release is within the ambit of a federal

---

[1] In 2024, the limitations period was changed to two years, but the statute only applies prospectively. LA. CIV. CODE. ANN. art. 3493.1.

court's habeas corpus review. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). A § 1983 civil rights proceeding is not the appropriate means of pursuing habeas corpus relief. *Id.*; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hernandez v. Livingston*, 495 F. App'x 414, 417 (5th Cir. 2012).

### D. Richard's claim for damages is barred by *Heck v. Humphrey.*

Additionally, Richard's claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Before a plaintiff can proceed under § 1983 on a claim for damages based on an allegedly unlawful conviction and incarceration, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Richard's conviction and sentence were affirmed and have not been called into question by a state or federal court as described in *Heck*. *See State v. Richard*, 2019-910, p. 17 (La.App. 3 Cir. 6/3/20); 298 So.3d 862, 872, *writ denied*, 2021-00194 (La. 5/4/21); 315 So.3d 223.

## III. CONCLUSION

Because Richard's § 1983 claim is prescribed; he cannot obtain release through § 1983; and his claim is barred by *Heck*, IT IS RECOMMENDED that the Complaint and Amended Complaint (Rec. Docs. 1, 4) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(B) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

THUS DONE in Chambers on this 25th day of September, 2025.

David J. Ayo
United States Magistrate Judge